1  MARKS & KLEIN
Andrew P. Bleiman, Esq.
2  1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
3  Telephone: (312) 206-5162
4  E-mail: andrew@marksklein.com
(*pro hac vice* application to be submitted)
5
LEE HIGH, LTD.
6  Cecilia Lee, Esq.
Nevada Bar No. 3344
7  Elizabeth High, Esq.
Nevada Bar No. 10082
8  448 Ridge Street
9  Reno, Nevada 89501
Telephone: 775.499.5712
10  Email: c.lee@lee-high.com
11  Email: e.high@lee-high.com

12  Attorneys for Plaintiff HP Tuners, LLC

13  **UNITED STATES DISTRICT COURT**

14  **DISTRICT OF NEVADA**

15  HP TUNERS, LLC, a Nevada limited liability
16  company,

Case No.  3:19-ms-00003

17  Plaintiff,

**HP TUNERS, LLC'S MOTION FOR
ORDER TO SHOW CAUSE WHY
18  vs.  BOBBIE CANNATA SHOULD NOT BE
FOUND IN COMPTEMPT OF COURT
19  BOBBIE CANNATA,  FOR FAILURE TO COMPLY WITH
SUBPOENA TO TESTIFY AT
20  Defendant.  DEPOSITION AND BE COMPELLED TO
21  COMPLY WITH SUBPOENA**

22  Plaintiff HP TUNERS, LLC, a Nevada limited liability company ("HP Tuners" or

23  "Plaintiff"), by its attorneys, Andrew P. Bleiman, Esq., Marks & Klein, and Cecilia Lee, Esq. and

24  Elizabeth High, Esq., Lee High, Ltd. as local counsel, and pursuant to Federal Rules of Civil

25  Procedure Rule 45(g), hereby moves this Court for an order to show cause why BOBBIE

26  CANNATA ("Cannata") should not be held in contempt of Court for failure to comply with a

27  subpoena to testify at deposition issued to her by the United States District Court, Western District

1

1   of Washington, and be compelled to comply with the subpoena.

2   ## RELEVANT BACKGROUND

3   HP Tuners is a niche business which provides automotive tuning and data acquisition

4   solutions for automobile enthusiasts and professional shops.  As a core function of its business,

5   HP Tuners sells Interfaces which connect to the onboard computer of a vehicle.  HP Tuners also

6   sells "credits," which are the license mechanism used by customers to tune vehicles.  HP Tuners

7   distributes these credits via "application keys" that are compatible with the HP Tuners Interfaces.

8   Only HP Tuners is authorized to generate application keys for use with HP Tuners' products.

9   On May 8, 2018, HP Tuners filed an Amended Complaint against defendants Kevin Sykes-

10   Bonnett ("Sykes-Bonnett") and Syked ECU Tuning Inc. ("Syked ECU Tuning") in the Western

11   District of Washington, alleging that defendants individually and in concert with other individuals

12   misappropriated Applicant's trade secrets and proprietary information, and knowingly generated,

13   created, used, obtained, and distributed fraudulent application keys which were not generated by

14   HP Tuners (the "Washington Action").  *HP Tuners, LLC v. Kevin Sykes-Bonnett, et. al.*, United

15   States District Court for the Western District of Washington, Civil Action No. 3:17-cv-05760

16   BHS; see Declaration of Andrew Bleiman, dated January 31, 2019 filed contemporaneously herein

17   ("Bleiman Declaration"), Ex. A.

18   Cannata is one of three owners of Syked ECU Tuning, Inc., a named defendant in the

19   pending action to which this immediate action is ancillary.  She is also the spouse of Ken Cannata,

20   former business partner of Plaintiff HP Tuners and the individual who unlawfully provided HP

21   Tuners' intellectual property to Kevin Sykes-Bonnett and Syked ECU Tuning, Inc.  See Bleiman

22   Declaration, ¶¶ 3-6.

23   On or about September 11, 2018, in connection with the Washington Action, HP Tuners

24   lawfully issued a subpoena to Bobbie Cannata requiring her to appear for deposition on October

25   16, 2018 and to produce documents (the "Subpoena" or "Cannata Subpoena").  Bleiman

26   Declaration, Ex. B.  In issuing the Subpoena, Plaintiff seeks highly relevant information from

27   Bobbie Cannata, who is in a unique position as a shareholder of Syked ECU Tuning, and spouse

of Ken Cannata, to possess information relevant to the underlying claims, including Ken Cannata's unlawful distribution of HP Tuners' intellectual property, and Sykes-Bonnett's and Syked ECU Tuning's acquisition, use, and distribution of HP Tuners' intellectual property.

On October 4, 2018, less than two (2) weeks before the scheduled deposition, Bobbie Cannata's husband, Ken Cannata, filed a Motion to Quash the Subpoena ("Motion to Quash") in the Washington Action the based upon relevance and marital privilege. Ultimately, on November 28, 2018, the Motion to Quash was denied. Bleiman Declaration, Ex. C. In denying the Motion to Quash the Subpoena, Judge Fricke in the Washington Action expressly held that:

> Plaintiff has plausibly alleged that Ms. Cannata, one of three owners of defendant Syked ECU Tuning, Inc., is likely to possess relevant information about defendants' business and business practices, including information about her day-to-day involvement in Syked ECU Tuning, communications with and between her co-owners regarding the business and clients of Syked ECU Tuning, her knowledge of the business of Syked ECU Tuning, the identities of other individuals who may possess relevant information, and her knowledge of the company's possession, use and misappropriation of HPT's proprietary information.

Bleiman Declaration, Ex. C (internal quotations omitted). The court also held that Ken Cannata was not entitled to quash the Subpoena based upon "a hypothetical invocation of joint marital communications privilege." *Id.*, *citing Briggs v. Am. Laser Centers of Vancouver, LLC*, No. C07-5065 RBL, 2007 WL 2116397, at *3 (W.D. Wash. July 19, 2007).

Despite the court's clear and unambiguous refusal to quash the Subpoena, Cannata has failed to appear for deposition or produce and documents, as required. Bleiman Declaration, ¶ 9. As such, Cannata is subject to court sanctions and must be compelled to comply with the Subpoena in the interest of justice.

## ARGUMENT

Bobbie Cannata should be found to be in civil contempt of this Court for her willful disregard of a Court-authorized subpoena issued to her and be compelled to comply with the Subpoena. Under Rule 30 of the Federal Rules of Civil Procedure, a party may depose any person for oral deposition. Where the person to be deposed is not a party to the action, the deponent's

1   attendance may be compelled by issuing a subpoena under Rule 45.  Fed. R. Civ. P. 30(a)(1).

2   Rule 45 requires that every deposition subpoena must state the court from which it is issued,

3   state the title of the action and its civil-action number, specify to each person to whom it is directed

4   the time and place set for the deposition, set out the text of Rule 45(d) and (e), and state the method

5   for recording the testimony.  Fed. R. Civ. P. Rule 45(a)(1)(A)(i)-(iv); Rule 45(a)(1)(B).

6   The Subpoena issued here shows that it complies with the requirements of Rule 45.  The

7   Subpoena states that it issued from the United States District Court, Western District of

8   Washington and contains the case name and number.  Text of Rule 45(d) and (e) is included, the

9   Subpoena sets for the time and place for deposition and production of documents as October 16,

10  2018 at 10:00 am, Sunshine Litigation Services and Technologies, 151 Country Estates Cir., Reno,

11  Nevada 89511, and the Subpoena states the recording method as "stenographic and video means."

12  Bleiman Declaration, Ex. B.

13  Fed. R. Civ. P. Rule 45(g) provides authority for the court to issue sanctions in the form of

14  holding a non-party in contempt, where a non-party "fails without adequate excuse to obey the

15  subpoena or an order related to it."  Fed. R. Civ. P. Rule 45.  As a properly issued subpoena, the

16  Cannata Subpoena constitutes a court order, and as such, non-compliance with it may warrant

17  contempt sanctions.  *Pennwalt Corp. v. Durand-Wayland, Inc.* 708 F. 2d 492, 494 n.5 (9th Cir.

18  1983); *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) ("[A]

19  district court has the inherent power to sanction for: (1) willful violation of a court order; or (2)

20  bad faith.").  In addition, the court may award expenses, including attorney fees, incurred with

21  regard to the nonparty's failure to attend and participate in a scheduled deposition.  *Pennwalt*

22  *Corp.*, 708 F. 2d at 494 n. 4.

23  Any argument Cannata may make regarding lack of personal service is unavailing as a

24  result of Cannata's own disingenuous and evasive behavior.  Pursuant to the process server's sworn

25  Declaration of Attempts, the process server made over seven (7) attempts, including two (2) stake

26  outs, during the period of August 27, 2018 to September 7, 2018, in order to effectuate service,

27  but Cannata repeatedly and deliberately dodged service.  In particular, after leaving a doorhanger

1   with the process server's contact information at Cannata's home, and previously leaving her card

2   with Cannata's husband, the process server attempted to serve the Subpoena on August 30, 2018,

3   but no one answered the door, despite the fact that the "television and adult voices and human

4   forms [were] heard and seen from balcony over garage."   Bleiman Declaration, Ex. D.

5   Furthermore, during an attempt on September 7, 2018, an individual whom the process server

6   believed to be Cannata emerged from the garage in a Cadillac and drove down the road at a high

7   rate of speed, almost running down the server.   *Id.*   Cannata must not be permitted to avoid her

8   lawful obligation to testify in the underlying manner through such evasive and dangerous tactics.

9   *See, e.g., Toni Brattin & Co. v. Mosaic Int'l, LLC* , No. 15-mc-80090-MEJ, 2015 U. S. Dist. LEXIS

10   46756, at *10 (N.D. Ca. April 9, 2015) ("This Court agrees that the Federal Rules of Civil

11   Procedure should not be construed as a shield for a witness who is purposefully attempting to

12   evade service.")

13          In this case, the Subpoena was properly issued, the Motion to Quash the Subpoena was

14   denied, and Cannata has subsequently failed to comply with the Subpoena.   Accordingly, Cannata

15   should be ordered to show cause for why she should not be held in contempt under Fed. R. Civ. P.

16   Rule 45(g) and compelled to comply with the Subpoena.

17

18

19

20

21

22

23

24

25

26   ///

27   ///

1  ///

## **CONCLUSION**

Plaintiff respectfully requests that his Court enter an Order to Show Cause directed to Bobbie Cannata ordering her to show cause as to why she should not be held in contempt for failure to comply with the Subpoena, and compelled to so comply, and to award attorneys' costs and fees.

DATED this 31st day of January, 2019.

Respectfully Submitted,

LEE HIGH, LTD.

/s/ Elizabeth High, Esq.
CECILIA LEE, ESQ.
ELIZABETH HIGH, ESQ.

ANDREW P. BLEIMAN, ESQ.
Attorneys for Plaintiff HP Tuners, LLC